The Court were of opinion that imprisonment was a necessary part of the punishment, and that the jury were to ascertain the term of imprisonment, as well as the fine.
Fitzhugh, J.,
contra. The 4th section of the Act “ for the effectual suppression of vice,” &e., after stating the power of a justice of the peace to bind the offender to appear at the next court, &c., says, “ and upon conviction of the said offence before the said court, he shall be further punished by imprisonment and amercement at the discretion of a jury.” Imprisonment has always been imposed by courts, and amercements by juries, in Virginia. Old Rev. Code, p. 112, § 26. It is improper so to ex *186 pound a law as to make it repeal another by implication. The meaning of the act is that a jury shall decide on the defendant’s guilt and his fine; and if, from the atrocity of the offence, the court should think the further punishment of imprisonment proper, another jury fixes the period. The words “ upon conviction,” and “ further punished,” show that the same jury that ascertains the guilt do not imprison. The words “ further punished ” are accumulative. “ Conviction means that the defendant’s guilt is to be ascertained by verdict, and as this conviction is to precede the ‘ further punishment,’ &c., it follows that the defendant is not to be imprisoned under the first verdict. By this construction the defendant will be punished as in the case of trespasses and misdemeanors in general.”
The indictment also contained counts for a rescue, and for beating Abercrombie, the constable.
Verdict guilty,' on all the counts. The jury assessed the fine at twenty-five cents, and the term of imprisonment at three calendar months.